UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL RODRIQUEZ,<br><br>  Petitioner,<br><br> v.<br><br>WARDEN OF SUSANVILLE STATE PRISON,<br><br>  Respondent. | No. 2:13-cv-1768-EFB P<br><br>ORDER |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2254.[1] He has paid the filing fee.

Petitioner claims that California Penal Code section 2931 entitles him to credits which should reduce his indeterminate sentence by one-third. He claims that respondent's failure to reduce his sentence violates his due process rights and the prohibition against ex post facto laws. He also claims he is entitled to an immediate release date, without parole, pursuant to Penal Code section 1170.2(b). As stated below, the petition fails to raise a cognizable claim and must be dismissed.

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

1    Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
2    petition if it plainly appears from the petition and any attached exhibits that the petitioner is not
3    entitled to relief.  *See Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly
4    allows a district court to dismiss summarily the petition on the merits when no claim for relief is
5    stated").  Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section
6    2254 Cases indicate that the court may dismiss a petition for writ of habeas corpus on its own
7    motion under Rule 4.   However, the court should not dismiss a petition without leave to amend
8    unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v.*
9    *Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

10    As an initial matter, whether prison officials have properly applied credits to petitioner's
11    sentence is not cognizable as a claim for federal habeas relief.  It is not the role of the federal
12    habeas court to clarify or correct the application of state law.  *See Estelle v. McGuire*, 502 U.S.
13    62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for
14    errors of state law") (internal quotations omitted); s*ee also Remsen v. Holland*, No. 1:12-cv-731-
15    BAM, 2012 U.S. Dist. LEXIS 111737, at *45 (E.D. Cal. Aug. 7, 2012) (summarily rejecting
16    petitioner's claim that § 2931 had not been properly applied to him); *McCright v. Warden of*
17    *Pelican Bay State Prison*, No. C 11-4715 JW, 2012 U.S. Dist. LEXIS 189801, at *16-17 (N.D.
18    Cal. Aug. 2, 2012) (dismissing claim of indeterminately sentenced petitioner that sentence should
19    be reduced pursuant to § 2931 and that sentence should be converted to a determinate term
20    pursuant to § 1170.2(b)); *Williams v. Knipp*, No. 2:11-cv-2181-GEB-KJN, 2012 U.S. Dist.
21    LEXIS 89316, at *8 (E.D. Cal. June 26, 2012) ("Petitioner's challenge premised on [§ 2931 in
22    part,] and his claim that good time credits can convert a life prisoner to a determinately sentenced
23    prisoner, are without merit").

24    Moreover, petitioner has not stated cognizable due process or ex post facto claims.
25    Petitioner admits that he was sentenced to an indeterminate term of 15 years to life following a
26    conviction of second degree murder. ECF No. 1 at 1.  An attachment to the petition shows that
27    the Board of Parole Terms denied petitioner parole on May 20, 2006. ECF No. 1 at 28.  As an
28    indeterminately sentenced prisoner, petitioner cannot be released until he is found suitable for

1  parole, regardless of the length of time he serves in prison. *In re Dannenberg*, 34 Cal. 4th 1061,
2  1083-84 (2005); Cal. Pen. Code § 3041(b). Thus, petitioner may serve a maximum term of life in
3  prison. *People v. Dyer*, 269 Cal.App.2d 209, 214 (1969). As an indeterminately sentenced
4  inmate, "the credits that Petitioner is statutorily entitled to earn . . . have no direct impact on the
5  amount of time he must actually serve until the Board determines he is suitable for parole and
6  assigns him a parole release date." *Bowens v. Sisto*, No. Civ. S-08-CV-1489-LKK-CHS, 2011
7  U.S. Dist. LEXIS 60047, at *38 (E.D. Cal. June 6, 2011). Thus, petitioner's contention that his
8  accrual of credits entitles him to a certain release date plainly lacks merit. *See Williams*, 2012
9  U.S. Dist. LEXIS 89316, at *11 (rejecting indeterminately sentenced petitioner's claim that
10 accrual of credits created a "vested state right" to immediate release on parole); *see also Jimenez
11 v. Hartley*, No. CV 06-55-PSG, 2010 U.S. Dist. LEXIS 139872, at *19-20 (C.D. Cal. Dec. 6,
12 2010) (explaining that, by its own terms § 2931 "only applies to determinate sentences," and that
13 in the case of an indeterminately sentenced inmate, the Board may simply take credits into
14 consideration when setting a release date).

15      In arguing that his sentence must be reduced and that he is entitled to a certain release
16 date, petitioner is, in essence, claiming that his indeterminate sentence should be converted to a
17 determinate sentence. However, "[t]here is no state-created liberty interest in having a term of
18 years set for a prisoner serving an indeterminate life term for murder who has not been found
19 suitable for parole." *McCright*, 2012 U.S. Dist. LEXIS 189801, at *17. Petitioner's sentence
20 remains indeterminate even after the enactment of the determinate sentencing law. *See id.* It
21 follows, therefore, that preventing an indeterminately sentenced inmate from reducing his
22 sentence through his accrual of § 2931 credits, does not violate the prohibition against ex post
23 facto laws. *Id.* at 17-18. Absent a change in the law that increased his quantum of punishment,
24 petitioner cannot demonstrate an ex post facto claim. *See Collins v. Youngblood*, 497 U.S. 37, 42
25 (1990) (summarizing acts that implicate the "core concern" of the Ex Post Facto Clause).

26      For these reasons, the petition does not raise a cognizable federal claim, and must be
27 dismissed.
28 /////

Accordingly, IT IS HEREBY ORDERED that judgment be entered denying the petition and dismissing the action with prejudice.

DATED: May 19, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4